UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN FOSTER STILES, et al.,

Plaintiffs,

v.

CAROLINE ZAPP KAHN, et al.,

Defendants.

Case No. 24-cv-00558-RS

**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

## I. INTRODUCTION

*Pro se* plaintiff Steven Foster Stiles brings suit against at least nine defendants averring violation of "17 Federal Laws and State Laws" including "Federal Attempted Murder," "Federal Battery," "Federal False Imprisonment," and others.[1] *See* Dkt. 1, at 14. Stiles also seeks a temporary restraining order ("TRO") on the grounds a named Defendant and his spouse trespassed on his property, stole from him, and committed other bad acts. For the reasons below, this action is dismissed for lack of subject matter jurisdiction, and Stiles' TRO motion is denied as moot.

## II. BACKGROUND

This case was transferred to the Northern District from the Eastern District on the grounds this action concerns property located in the Northern District. Before this transfer, Stiles filed a

---

[1] As Magistrate Judge Carolyn Delaney noted before this action was transferred, though Stiles lists multiple Plaintiffs in his Complaint and Amended Complaint, he alone appears to have signed both filings. Stiles, a non-lawyer, cannot represent other plaintiffs. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

560-page Amended Complaint,[2] *see* Dkt. 42, along with a motion for a TRO, *see* Dkt. 43. The Amended Complaint brings claims against a host of entities not named in the Complaint, including several universities and pharmaceutical companies. The TRO motion claims a single named Defendant—Blaine Truman Lowry—and his spouse committed an array of crimes against Stiles, including burglarizing Stiles' property.

## III. LEGAL STANDARD

Federal courts possess limited jurisdiction. *See United States v. Castillo*, 496 F.3d 947, 951 (9th Cir. 2007). Federal jurisdiction, therefore, may not be presumed; instead, a complaint must allege sufficient facts to establish its existence. *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). If, at any time, a court determines that subject matter jurisdiction is absent, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A court may raise the issue of whether subject matter jurisdiction exists *sua sponte*. *See, e.g.*, *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983). District courts have original jurisdiction over suits that present a federal question or involve diversity of citizenship and meet the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Where dismissal of a complaint is warranted, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted). Leave to amend need not be granted when amendment would be futile. *See Bonin v. Calderon*, 59 F.3d 815,

---

[2] The Amended Complaint was filed outside of the time period prescribed by Federal Rule of Procedure 15(a) and without leave of the court or Defendants. *See* Fed. R. Civ. P. 15(a)(1), (2).

845 (9th Cir. 1995).

## IV. DISCUSSION

Stiles' original Complaint invokes diversity jurisdiction as the basis for subject matter jurisdiction in this action. *See* Dkt. 1, at 5 (asserting "Plaintiffs and Defendants live in different States"). However, both Stiles and several Defendants, by the Complaint's own averments, appear to be citizens of California such that diversity jurisdiction is not present. *See Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) (diversity jurisdiction present only where no plaintiff resides in the same State as any defendant). The question, then, is whether the Complaint asserts a federal question establishing federal question jurisdiction.

Stiles' Complaint charges various Defendants with aggravated kidnapping, violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, elder abuse, attempted murder, battery, false imprisonment, and other crimes. *See, e.g.*, Dkt. 1, at 14. His Amended Complaint adds a number of new Defendants (such that there are 27 Defendants named in the Amended Complaint). At least one other federal court has dismissed similar claims asserted by Stiles, finding the disjointed allegations and facts presented in an extensive, often duplicative complaint failed to make out a RICO claim, that Stiles had no private right of action for alleged federal crimes, and that other claims were barred under *Rooker-Feldman*. *See Stiles v. Kahn*, No. 3:23-cv-577-YY, 2023 WL 4494350, at *1–2 (D. Or. May 16, 2023), *R.&R. adopted*, 2023 WL 4490517 (D. Or. July 12, 2023).

In his Complaint, Stiles refers to several Defendants as "psychopaths" and claims the Defendants are engaged in a "Master Plan" to abuse the Oregon state courts to force Stiles into mental health treatment programs, to steal from Stiles, and to commit other crimes. *See* Dkt. 1. Stiles' motion for a TRO adds to this morass of accusations, averring that Defendant Lowry and his spouse committed various crimes on Stiles' property. Taken together, these allegations appear frivolous and do not provide a basis for federal question jurisdiction.

## V. CONCLUSION

For the foregoing reasons, this action is dismissed, without prejudice, for lack of subject

ORDER DISMISSING ACTION
CASE NO. 24-cv-00558-RS

3

matter jurisdiction. This dismissal is without leave to amend as amendment would be futile. Stiles' motion for a temporary restraining order is dismissed as moot. The Clerk shall close the file in this action.

**IT IS SO ORDERED**.

Dated: February 1, 2024

RICHARD SEEBORG
Chief United States District Judge